Filed 11/3/20  P. v. Folb CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>DONALD BRUCE FOLB,<br><br>    Defendant and Appellant. | 2d Crim. No. B304898<br>(Super. Ct. No. 19F-03645)<br>(San Luis Obispo County) |

Appellant Donald Bruce Folb was charged with two felony counts of unlawful driving or taking of a vehicle (Veh. Code, § 10851, subd. (a)), and one misdemeanor count of giving false information to a police officer.  (Pen. Code, § 148.9, subd. a).)  The allegations included a 1985 conviction for burglary as a prior strike.  (Pen. Code, §§ 667, 1170.12.)  The court denied Folb's motion to suppress, after which Folb waived his right to trial and pled no contest to the charges.  The court sentenced him to state prison for three years on the first felony count, a consecutive eight-month term on the second felony count, and a concurrent six-month term on the misdemeanor count.  Folb timely appealed

the court's denial of his motion to suppress. (Pen. Code, § 1538.5.)

A construction company reported one of its message board trailers stolen from a site along Highway 58 by a white work truck on May 14, 2019. Sheriff's deputies received a report that a truck matching this description drove up Goldie Lane, an unmaintained dirt road directly off the highway a few miles from the site of the theft.

Two deputies drove up Goldie Lane looking for the trailer. They saw a driveway near the end of the lane blocked by a gate with a "no trespassing" sign. They noticed two structures about 25 yards up the driveway and decided to get out of the car. The deputies opened the unlocked gate, walked up the driveway, and began looking for the owner of the property. They saw two men and a woman near a detached garage who said they were only guests. The deputies saw Folb about 100 yards from the house in a white truck with a recreational travel trailer attached. When they approached him, he said his name was "Donald Maxwell" and that he was a "drifter" who had been staying on the property as a guest for a couple of days.

The deputies then spoke to a woman named Ava Everhart who said she was one of the owners. Everhart told them she wanted Folb to leave because she suspected he brought stolen vehicles to her property. The deputies obtained her permission to search the entire property and all its contents. A VIN search confirmed both the truck and recreation trailer were reported stolen ten days prior. The deputies arrested Folb. The construction company found their stolen message board trailer later that day in a different location.

Appointed counsel filed a brief raising no issues and requesting our independent review pursuant to *People v. Wende*

2

(1979) 25 Cal.3d 436 (*Wende*). We notified Folb on July 14, 2020 that he had 30 days in which to advise us of any claims he wished us to consider. He submitted a three-page letter brief.

Folb's letter emphasizes how deputies found him only after ignoring a "no trespassing" sign, opening a closed gate, and venturing deep enough into the property to view what they could not see from the road. He characterizes their obtaining consent from Everhart as a post-hoc attempt to legitimize an otherwise illegal "exploratory search." In summary, Folb states that "[a] thorough study of the record shows that the supporting facts over the suppression of evidence favored the appellant." He requests we allow him to file a supplemental brief.

The trial court did not expressly address the primary argument Folb raises in his letter, i.e., that the initial incursion past the Goldie Lane gate constituted an unlawful search the deputies could not belatedly justify by obtaining consent. However, Folb's counsel did proffer the argument in his motion to suppress and during oral proceedings on the motion. The trial court's denying of the motion impliedly rejected it. "We defer to the court's factual findings, express or implied, where supported by substantial evidence." (*People v. Glaser* (1995) 11 Cal.4th 354, 362.) We exercise our independent judgment whether a search is reasonable under those facts. (*Ibid.*)

The record shows deputies visited Goldie Lane intending to speak with residents about the truck spotted on the road earlier that day. When they reached Ms. Everhart's property, they saw two rooflines about 25 yards up the driveway. They opened an unlocked gate, walked up the driveway, and sought out the owner of the house they saw from the road. None of the individuals they initially approached accused them of trespassing or told them to leave the property. They spotted Folb and the white

3

truck while performing the perfunctory task of locating the property owner.  Once they found the owner, she welcomed the deputies and not only permitted a comprehensive search, but requested they remove Folb because of his suspected criminal activities.  The VIN search followed her granting of consent.

We conclude the trial court properly found that deputies entered the property reasonably under these circumstances, and, once inside its boundaries, found the white truck and trailer in an open area far outside the house's curtilage.  (See *People v. Rivera* (2007) 41 Cal. 4th 304, 311 ["The sanctity of the home is not threatened when police approach a residence, converse with the homeowner, and properly obtain consent to search"]; *People v. Lieng* (2010) 190 Cal.App.4th 1213, 1224 ["even in rural areas, it is rare for curtilage to extend more than 100 feet beyond the home"].)

We have reviewed the entire record and are satisfied that appellant's counsel has fully complied with his responsibilities and that no arguable issue exists.  (*Wende, supra*, 25 Cal.3d at p. 443; *People v. Kelly* (2006) 40 Cal.4th 106, 126.)

The judgment is affirmed.

NOT TO BE PUBLISHED.

                                    PERREN, J.

We concur:

    GILBERT, P. J.              TANGEMAN, J.

4

Jaquelyn H. Duffy, Judge
Matthew G. Guerrero, Judge
Superior Court County of San Luis Obispo

———————————————

Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.